**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENZIL MOORE,** | ) | **CASE NO. 1:17CV170** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE JAMES GWIN** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **STEVEN MERLAK,** | ) | **JONATHAN D. GREENBERG** |
| **Warden** | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| **Respondent.** | ) | **(Doc. Nos. 1, 8, 9, 10, 14, 15)** |

This matter is before the undersigned pursuant to Local Rule 72.2. Before the Court is the Petition of Denzil Moore ("Moore" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Moore is being held in custody at the Federal Correctional Institution-Elkton in Lisbon, Ohio. For the following reasons, the undersigned recommends the Petition be DISMISSED.

## I. Background

On October 17, 2001, a federal Grand Jury charged Moore with the following three counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1); (2) possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2); and (3) prohibited

person in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1).[1] *See U.S. v. Moore*, Case No. 1:01CR474 (N.D. Ohio) (Doc. No. 6.) Moore pled not guilty.

On May 28, 2002, the United States filed a Notice pursuant to Title 21, Section 851 indicating that "if an adjudication of guilt is entered against the Defendant, Denzil Moore on Count 1 of the indictment returned in the above-captioned case, that the United States will rely upon a previous 'felony drug offense' conviction of Denzil Moore for the purpose of invoking the increased sentencing provision of Title 21, Section 841(b)(1)(A), United States Code. The previous 'felony drug offense' conviction upon which the United States will rely is: CR316839 (Cuyahoga County, Ohio)- convicted of trafficking in cocaine on April 24, 1995." (*Id*. at Doc. No. 22.)

Moore thereafter pled guilty to Count 1 of the indictment pursuant to a written plea agreement. (*Id.* at Doc. No. 24.) In relevant part, the plea agreement provided as follows:

> 2. Count 1 of the Indictment charges the defendant with possession with intent to distribute cocaine-base, in violation of Title 21, Section 84l(a)(1) and (b) (1)(A), United States Code. The defendant understands that the statutory penalty for count 1, a violation of Title 21, Section 841(a)(1) and (b)(1)(A), United States Code, is a mandatory minimum of ten years incarceration up to life, a $4,000,000.00 fine, and at least 5 years of supervised release.

---

[1] The underlying offenses related to Count 3 included six separate offenses: (1) trafficking in drugs on or about June 1, 1990, as set forth Cuyahoga County Court of Common Pleas Case No. CR245304; (2) drug abuse on or about June 1, 1990, as set forth in Cuyahoga County Court of Common Pleas Case No. CR243351; (3) having a weapon under disability on or about January 29, 1992, as set forth in Cuyahoga County Court of Common Pleas Case No. CR266833; (4) failure to comply on or about January 29, 1992, as set forth in Cuyahoga County Court of Common Pleas Case No. CR247408; (5) trafficking in drugs (2 counts) on or about January 29, 1992, as set forth in Cuyahoga County Court of Common Pleas Case No. CR276103; and (6) trafficking in drugs on or about April 24, 1995, as set forth in Cuyahoga County Court of Common Pleas Case No. CR316839. *U.S. v. Moore*, Case No. 1:10CR474 (N.D. Ohio) (Doc. No. 6 at 2-3.)

> The parties recognize that the Defendant has previously been convicted of two "felony drug offenses" within the meaning of Title 21, Sections 841(b)(1)(A) and 851, United States Code. The parties recognize that the United States has filed a single 21, Section 851 Notice. The Defendant understands that the filing of the Section 851 increases the statutory penalty for Count 1 to a mandatory minimum of 20 years incarceration up to life, a $8,000 fine and at least 10 years of supervised release. The United States hereby agrees to forego the filing of the second Title 21, Section 851 Notice, thereby negating a mandatory statutory life without parole sentence for the Defendant on Count 1.

(*Id*. at Doc. No. 24 at 2-3.) The parties further agreed that "the defendant's prior convictions in CR316839 (Cuyahoga County, Ohio) (convicted of trafficking in cocaine) and 1:94CR180 (United States District Court, Northern District of Ohio) (convicted of bank robbery) are 'controlled substance offenses' or 'violent felony offenses' for purposes of the career offender guideline as set forth in U.S.S.G. §4B1.1." (*Id*. at Doc. No. 24 at 4.) In addition, the United States agreed to dismiss Counts 2 and 3 of the indictment at the time of sentencing. (*Id*. at Doc. No. 24 at 6.)

A sentencing hearing was conducted on September 3, 2002 before District Judge Peter C. Economus. Judge Economus determined Moore was a career offender under U.S.S.G. § 4B1.1, yielding a base offense level of 37, Criminal History Category VI. (*Id*. at Doc. Nos. 30 at 6-7, 46, 90.) After a three-level reduction for acceptance of responsibility, Moore's total offense level was determined to be 34, resulting in a guideline range of 262 to 327 months imprisonment. (*Id*.) Judge Economus sentenced Moore to 262 months imprisonment and ten years supervised release. (*Id*. at Doc. Nos. 29, 30.) Judge Economus also imposed restitution in the amount of $5,991.66 and a $100 special assessment. (*Id.*) Moore filed a direct appeal, which was dismissed by the Sixth Circuit as untimely on February 6, 2003. (*Id*. at Doc. Nos. 33, 37.)

On January 27, 2004, Moore filed a petition for relief under 28 U.S.C. § 2255. *See*

*Moore v. United States of America*, Case No. 4:04CV129 (N.D. Ohio) (Doc. No. 1.) Therein, he requested the Court vacate, set aside and correct the sentence imposed because of alleged ineffective assistance of counsel. (*Id*.) On April 27, 2004, the Court (through Judge Economus) dismissed Moore's petition as time-barred. (*Id.* at Doc. No. 10.) Moore timely appealed, and the Sixth Circuit affirmed on November 29, 2004.[2] (*Id*. at Doc. No. 18.)

In the years that followed, Moore filed multiple post-conviction motions and at least four motions for authorization to file a second or successive § 2255 motion, all of which were denied. *See U.S. v. Moore*, Case No. 1:01CR474 (N.D. Ohio) (Doc. No. 82).

On January 23, 2017, Moore filed the instant habeas petition pursuant to 28 U.S.C. §2241. (Doc. No. 1.) Citing *United States v. Mathis*, 136 S.Ct. 2243 (2016) and *Descamps v. United States*, 133 S.Ct. 2276 (2013), Moore argues his prior drug conviction in Cuyahoga County Court of Common Pleas Case No. CR-94-316839 no longer qualifies as a predicate offense. (Doc. No. 1-2 at 4.) He maintains he is, therefore, no longer properly considered a "career offender" and should be resentenced accordingly. (*Id*. at 6.) Moore further asserts that, under *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), this action is properly brought under § 2241 because his remedy under § 2255 is inadequate or ineffective. (*Id*. at 3-4.)

The United States asserts "this Court has no jurisdiction to review Moore's pleading because his Section 2255 arguments are made under the guise of Section 2241 in an attempt to circumvent the procedural requirements under Section 2255." (Doc. No. 8 at 3.) The

---

[2] Moore later filed Motions for Reconsideration and for relief under Fed. R. Civ. P. 60(b), which were denied by Judge Economus on February 13, 2006. (*Id*. at Doc. No. 25.) The Sixth Circuit affirmed the denial of these motions on September 25, 2006. (*Id*. at Doc. No. 30.)

government argues neither *Mathis* or *Descamps* affect the determination that Moore's prior drug trafficking conviction qualifies as a "controlled substance offense" for purposes of the sentencing guidelines. (Doc. No. 14 at 2.) The United States further asserts that Moore's reliance on *Hill* is misplaced because his case does not meet each of the three requirements set forth in that decision for pursuing relief under § 2241. (*Id*. at 5-6.)

## II. Law and Analysis

### A. Statutory Framework

A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to 28 U.S.C. § 2255, whereas a petition concerning the manner or execution of a sentence is appropriate under § 2241. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). *See also Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-756 (6th Cir. 1999). Unlike § 2241, § 2255 proscribes the filing of "second or successive motion" for relief unless a petition (1) contains newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) is based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). *See also Hill*, 836 F.3d at 594.

However, "where a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception [for second or successive petitions], the petitioner may look to the 'savings clause' of § 2255(e) for recourse." *Hill*, 836 F.3d at 594. Section

2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, through the above savings clause, a petitioner may seek habeas relief under § 2241 if he can show that § 2255 provides an "inadequate or ineffective" means of challenging the legality of his detention. *See Hill*, 836 F.3d at 594; *Wooten*, 677 F.3d at 307; *Peterman*, 249 F.3d at 461-462.

The Sixth Circuit has made clear that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citing cases). *See also Hill*, 836 F.3d at 594; *Wooten*, 677 F.3d at 307. Indeed, the Sixth Circuit has noted "the circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. *See also Hill*, 836 F.3d at 594. The petitioner bears the burden to establish that the savings clause applies to his petition. *See Hill*, 836 F.3d at 594.

The Sixth Circuit has long held that, on a successive challenge to a *conviction,* a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is "actually innocent." *See Wooten*, 677 F.3d at 307; *Peterman,* 249 F.3d at 461-462; *Charles*, 180 F.3d at 757. Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation

of statutory law;" (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions;" (3) that is retroactive; and (4) applies to the petitioner's merits such that it is "more likely than not that no reasonable jurist would have convicted" the petitioner. *Wooten*, 677 F.3d at 308. *See also Hill*, 836 F.3d at 594-595.

Until recently, the Sixth Circuit had held that "claims involving 'actual innocence of a *sentencing enhancement* cannot be raised under § 2241." *See e.g., Jones v. Castillo*, 489 Fed. Appx. 864, 866 (6th Cir. 2012) (emphasis added). *See also Dowell v. Quintana*, 2017 U.S. App. Lexis 23409 at * 3 (6th Cir. Nov. 17, 2017). However, in *Hill*, *supra*, the Sixth Circuit found a petitioner may use a § 2241 to challenge a sentencing enhancement if he can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595, 599. The Court cautioned, however, that this exception applies to a "narrow subset" of petitions, explaining as follows:

> In authorizing a petition under § 2241, we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre- *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

**B. Analysis**

Moore argues the instant Petition is properly brought under § 2241 because § 2255

provides an "inadequate or ineffective" means of challenging the legality of his detention. (Doc. Nos. 1-2, 9.) Specifically, he maintains *United States v. Mathis*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) and *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) (1) constitute new interpretations of statutory law that were issued after he had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, and (2) apply retroactively. Moore claims that, pursuant to these cases, his prior drug conviction in Cuyahoga County Court of Common Pleas Case No. CR-94-316839 no longer constitutes a qualifying predicate offense for purposes of the career offender Guideline. (Doc. No. 1-2 at 4.) Thus, he asserts his petition falls within the "narrow subset" of petitions identified in *Hill, supra*, arguing as follows:

> If Plaintiff, was sentenced now for the same event he would not receive the time in which he has today. Because he was sentenced before *Booker* his guidelines range was mandatory. Since that time he has not been able to change his position because of the foreclosed filing of a successive § 2255. However, *Hill* and *Descamps* now allow Plaintiff to address the fact that his prior conviction no longer qualifies as a "serious drug offense" under the ACCA. The arguments and decisions addressing ACCA-involved cases also apply to career offenders, like Plaintiff, because the residual clause found in the ACCA is identically-worded as the residual clause found in the U.S. Guidelines for career offender.

(*Id.*) Moore maintains he is, therefore, no longer properly considered a "career offender" and should be resentenced accordingly. (*Id*. at 6.)

The United States argues Moore is not entitled to pursue relief under § 2241 because "neither *Mathis* nor *Descamps* affect the determination that Moore's prior cocaine trafficking conviction qualifies as a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2(b). (Doc. No. 14 at 2.) The United States asserts that, using the categorical approach described in *Mathis* and *Descamps*, the elements of Moore's Ohio conviction for drug trafficking are not

broader than the elements of a "controlled substance offense" under the Guidelines. (*Id*. at 2-4.) Citing several cases from this District, the United States also asserts that "[o]ther courts in the Northern District of Ohio have held that a conviction under [Ohio Rev. Code] Section 2925.03(A)(2) qualifies as a career offender predicate." (*Id*. at 4) (citing *Nesbitt v. United States*, Case Nos. 4:15CR18 (N.D. Ohio Oct. 5, 2017) (Doc. No. 38) (Adams, J.) and *Bullard v. United States*, 2017 WL 2291419 at *5 (N.D. Ohio May 25, 2017) (Gwin, J.)).

As an initial matter, it appears to be undisputed that Moore satisfies the first two requirements set forth in *Hill*. First, Moore was sentenced in September 2002, before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) which made the sentencing guidelines advisory. Second, Moore is foreclosed from raising his claims in a successive § 2255 motion. In order to do so, he would have to establish that *Mathis* and *Descamps* announced new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court that were previously unavailable. *See* 28 U.S.C. § 2255(h)(2). Federal courts, including the Sixth Circuit, have held that neither of these cases did so. *See Dowell*, 2017 U.S. App. Lexis 23409 at * 5 (citing *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015)). Third, the Sixth Circuit has found that *Mathis* and *Descamps* concern statutory interpretation and apply retroactively. *See Dowell*, 2017 U.S. App. Lexis 23409 at * 5; *Hill*, 836 F.3d at 599-600. Moreover, neither *Mathis* or *Descamps* were available to Moore when he filed his previous post-convictions motions.

Thus, the issue before this Court is whether *Mathis* or *Descamps* "reveal that [Moore's]

previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599-600. In *Descamps*, the Supreme Court clarified the correct approach for determining whether state-law offenses qualify as "violent felonies" for the purpose of a sentence enhancement under the Armed Career Criminal Act (ACCA) of 1984. 18 U.S.C. § 924(e)(1). The Court first explained as follows:

> The Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e), increases the sentences of certain federal defendants who have three prior convictions "for a violent felony," including "burglary, arson, or extortion." To determine whether a past conviction is for one of those crimes, courts use what has become known as the "categorical approach": They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.
>
> We have previously approved a variant of this method—labeled (not very inventively) the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id*. at 257. In that case, the Court considered "whether sentencing courts may also consult those additional documents when a defendant was convicted under an 'indivisible' statute – i.e., one not containing alternative elements – that criminalizes a broader swath of conduct than the relevant generic offense." *Id*. at 258. The Court concluded sentencing courts may not apply the modified categorical approach under these circumstances. *Id*. Rather, the Court found lower courts should continue to use the categorical approach to compare the elements of the generic

crime to the elements in the statute that forms the basis of the defendant's prior conviction. *Id*. at 260-265. To the extent the statute covers a "broader swath of conduct" than the generic offense, the former cannot serve as a predicate offense for an ACCA enhancement. *Id*.

In *Mathis*, the Supreme Court considered "whether ACCA makes an exception to [the rule that a prior crime qualifies as predicate offense only if its elements are the same as or narrower than those of the generic crime] when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." *Mathis*, 136 S.Ct. at 2248. The Court found that it did not, explaining:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

*Id*. at 2257.

In determining whether Moore may proceed under § 2241, the Court must determine whether his prior Ohio conviction for drug trafficking qualifies as a predicate offense for purposes of the career offender Guidelines. Under *Descamps* and *Mathis*, the Court must therefore compare the elements of Moore's prior state court conviction against the elements of a "controlled substance offense" under the Sentencing Guidelines.[3]

[3] Although *Descamps* and *Mathis* concerned sentencing enhancements under the ACCA, lower courts have applied the Supreme Court's categorical approach reasoning to Sentencing Guidelines cases. *See e.g., United States v. Smith*, 681 Fed. Appx. 483, 488 (6th Cir. March 7, 2017) ("The analysis employed in [*Mathis*] applies to the determination of whether a prior conviction qualifies as a predicate offense for purposes of the career-offender enhancement under USSG § 4B1.2(a)(2)). *See also United States v. Hinkle*, 832 F.3d 569,

The United States Sentencing Guidelines ("U.S.S.G.") classify a defendant as "career offender" if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines defined a qualifying "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

As noted *supra*, Moore's sentence was enhanced, in part, on the basis of his prior conviction for drug trafficking in Cuyahoga County Court of Common Pleas Case No. 94-CR-316839. The United States asserts, summarily and without explanation, that Moore was convicted of violating Ohio Rev. Code § 2925.03(A)(2). (Doc. No. 14 at 3.)

Moore disputes this, however, noting he "does not know where or what document the Government is referring to by stating § 2925.03(A)(2)." (Doc. No. 15 at 3.) Moore attaches a copy of his state court Journal Entry of Sentencing to his reply, correctly noting it does not identify the particular subsection of § 2925.03 that formed the basis of his conviction. (Doc.

---

574 (5th Cir. 2016); *United States v. Jeffery*, 2017 WL 764608 at * 2-3 (W.D. Mich. Feb. 28, 2017); *Bullard*, 2017 WL 2291419 at * 4 fn 23; *Richardson v. United States*, 2017 WL 5507887 (E.D. Mich. Nov. 17, 2017); *Blackwell v. United States*, 2018 WL 3029256 at * 4 (E.D. Tenn. June 18, 2018).

Nos. 15-1, 15-2.) He argues that, because the government has failed to produce documentation proving he was indeed convicted and sentenced under § 2925.03(A)(2), he "could have been sentenced under § 2925.03(A)(4), (A)(6) or (A)(9)," which he claims are not "controlled substance offenses" under *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). (Doc. No. 15 at 4.) Moore further maintains generally that § 2925.03 "has more than a single set of elements" and "covers a greater swath of conduct" than the generic crime. (*Id*. at 3.) Therefore, he argues, his conviction in Case No. 94-CR-316839 cannot serve as a predicate offense under the Guidelines as a matter of law. (*Id*. at 4-5.)

Moore is correct that the United States failed to direct this Court's attention to any documentation in his federal case (i.e., in *United States v. Moore*, Case No. 1:01CR474 (N.D. Ohio)) that specifies the precise subsection of § 2925.03 that forms the basis of his conviction in Cuyahoga County Court of Common Pleas Case No. 94-CR-316839. Upon its own review, the Court finds this information is not included in the criminal complaint, indictment, Section 851 Notice, parties' Plea Agreement, transcript of the September 2002 sentencing hearing, or Sentencing Entry. *See United States v. Moore*, Case No. 1:01CR474 (N.D. Ohio) (Doc. Nos. 1, 6, 22, 24, 29, 30.)

In April 1995, when Moore pled guilty to violating Ohio Rev. Code § 2925.03, the offense definition portion of that section provided, in pertinent part, as follows:

> (A) No person shall knowingly do any of the following:
>
> (1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount;
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reason to believe that the controlled substance is intended for sale or resale by the offender or another

> person.
>
> (3) Cultivate, manufacture, or otherwise engage in any part of the production of a controlled substance;
>
> (4) Possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;
>
> (5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;
>
> (6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;
>
> (7) Sell or offer to sell a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;
>
> (8) Provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substances for the purpose of selling or offering to sell the controlled substances in amounts exceeding a bulk amount or for the purpose of violating division (A)(3) of this section;
>
> (9) Possess a controlled substance in an amount equal to or exceeding one hundred times the bulk amount;
>
> (10) Sell or offer to sell a controlled substance in an amount equal to or exceeding one hundred times the bulk amount;
>
> (11) Administer to a human being, or prescribe or dispense for administration to a human being, any anabolic steroid not approved by the [FDA] for administration to human beings.

*See United States v. Lockett*, 359 Fed. Appx. 598, 604-605 (6th Cir. Dec. 29, 2009). The Sixth Circuit has held that, taken as a whole, "Section 2925.03 includes both qualifying and non-qualifying crimes." *United States v. Wright*, 43 Fed. Appx. 848, 852 (6th Cir. Aug. 7, 2002). Moreover, as Moore correctly notes, the Sixth Circuit has applied the categorical approach to certain of the subsections of § 2925.03 and found that convictions under those subsections do not

qualify as "controlled substance offenses" under U.S.S.G. § 4B1.1. *See Montanez*, 442 F.3d at 494 (finding "convictions under former Ohio Rev. Code § 2925.03(6) and (9) do not qualify as 'controlled substance offenses' under U.S.S.G. § 4B1.1.")

Because Ohio Rev. Code § 2925.03 as a whole "comprises multiple, alternative versions of the crime," the statute is divisible and subject to the modified categorical approach. *See Descamps*, 133 S.Ct. at 2284. Moreover, § 2925.03 encompasses both conduct that qualifies as a § 4B1.1 "controlled substance offense" and conduct that does not. Accordingly, this Court must "identify, from among several alternatives, the crime of conviction" so that the Court can determine if Moore's crime is a § 4B1.1 qualifying offense. *Id*. at 2285.

At the Court's request, the United States filed a copy of the indictment from Moore's drug trafficking case in Cuyahoga County Court of Common Pleas Case No. 94-CR-316839. (Doc. No. 17-1). That indictment does not specify the particular subsection of § 2925.03 that Moore was accused of (and later pled guilty to) violating. (*Id*.) Instead, the indictment states that Moore "did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance, to-wit: cocaine, a Schedule II drug, knowing or having reasonable cause to believe such drug was intended for sale or resale by the offender or another." (*Id*.)

Comparing the indictment to the version of § 2925.03 in effect at the time, it is clear the indictment essentially tracks the language of § 2925.03(A)(2). The Sixth Circuit has held that "[w]here the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged." *United States v. Robinson*, 333 Fed. Appx. 33,

36 (6th Cir. May 29, 2009) (emphasis in original). *See also United States v. Rushin*, 2017 WL 3401296 at * 2 (S.D. W. Va. Aug. 8, 2017). Thus, from a limited review of Moore's indictment and entry of sentence, it is clear he was convicted of a violation of § 2925.03(A)(2). Accordingly, the elements of § 2925.03(A)(2), examined without regard to the underlying facts of Moore's particular conviction, must meet the generic offense defined in the Guidelines.

The Court finds that it does. The Sixth Circuit has concluded that Ohio Rev. Code § 2925.03(A)(2) criminalizes the "possession of a controlled substance with intent to distribute it" and, therefore, constitutes a "controlled substance offense" for purposes of U.S.S.G. § 4B1.1. *See Robinson*, 333 Fed. Appx. at 35-36 ("Because § 2925.03(A)(2) includes an element of "manufacture, import, export, distribution, or dispensing," or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."). *See also Bullard*, 2017 WL 2291419 at * 5; *Rushin*, 2017 WL 3401296 at * 2; *Nesbitt*, Case No. 4:15CR00018 (N.D. Ohio Oct. 5, 2017) (Doc. No. 38 at 2-3.)

Accordingly, with respect to Moore's drug trafficking conviction under § 2925.03(A)(2), it is recommended the Court find Moore has not established that his is one of the "narrow subset" of Petitions that may proceed under § 2241 via the savings clause set forth in § 2255(e).

The Court notes that Moore's sentence was also enhanced based on his federal conviction for bank robbery in *United States v. Moore*, Case No. 1:94CR180 (N.D. Ohio). In his Traverse, Moore appears to assert this prior conviction should not be used to "career him" in light of the Supreme Court's recent decision in *Beckles v. United States*, – U.S. –, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). He argues that, because the Guidelines in effect at the time of his sentencing were mandatory, "this prior conviction should not be used to career [him] because

this Federal Bank Robbery case, and the instant case, were both pre-*Booker*." (Doc. No. 9 at 6.) The United States does not acknowledge or address this argument.

In *Beckles v. United States*, ––– U.S. ––––, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the Supreme Court held that, because "the advisory Guidelines do not fix the permissible range of sentences," and because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id*. at 892, 895. Moore appears to contend that, because he was sentenced for bank robbery in 1994 under what were considered *mandatory* Guidelines, *Beckles* did not address potential due process problems posed by previous versions of the Guidelines that were considered mandatory.

As the Sixth Circuit has noted, "[i]t is true that the majority opinion in *Beckles* scrupulously limited its discussion to the advisory Guidelines mandated by the Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)." *United States v. Sublett*, 2018 WL 1721757 at * 2 (6th Cir. March 1, 2018). The Sixth Circuit has also taken note of Justice Sotomayor's concurring opinion in *Beckles*, in which she stated, "[t]he Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] may mount vagueness attacks on their sentences." *Beckles*, 137 S.Ct. at 903 n.4 (Sotomayor, J., concurring). Citing that concurrence, the Sixth Circuit has recognized that "whether [*Johnson v. United States*, ---- U.S. -----, 135 S.Ct. 2551, 135 S.Ct. 2551, 192 L.Ed.2d

569 (2015)][4] applies to the mandatory guidelines ... is an open question." *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) (emphasis added).

Under the circumstances presented, the Court finds Moore's argument to be without merit. As noted *supra*, under *Hill*, a petitioner may challenge his sentence under § 2241 via § 2255's savings clause only "when a subsequent retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 600. Here, the Supreme Court's decision in *Beckles* was "scrupulously limited" to the advisory Guidelines and did not reach the issue of whether the pre-*Booker*, mandatory Guidelines are void for vagueness. *See Raybon*, 867 F.3d at 630-631 (finding "the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague"). Thus, Moore has not demonstrated his federal bank robbery conviction is no longer a predicate offense for career offender enhancement purposes because of a "retroactive change in statutory interpretation by the Supreme Court." *Hill*, 836 F.3d at 600.

Accordingly, with respect to Moore's federal bank robbery conviction, it is recommended the Court find Moore has not established that his is one of the "narrow subset" of Petitions that may proceed under § 2241 via the savings clause set forth in § 2255(e).

---

[4] In *Johnson*, the Supreme Court held that "imposing an increased sentenced under the residual clause of the [ACCA] violate[d] the Constitution's guarantee of due process" because the clause was unconstitutionally vague. *Johnson*, 576 U.S. at ----, 135 S.Ct. at 2563.

For all the reasons set forth above, it is therefore recommended Moore's Petition be DISMISSED.

**V. Conclusion**

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date: July 16, 2018

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**