UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                       | : |                      |
|-----------------------|---|----------------------|
| DENZIL T. MOORE,      | : | CASE NO. 1:17-cv-170 |
|                       | : |                      |
| Petitioner,           | : | OPINION & ORDER      |
|                       | : | [Resolving Doc. 1]   |
| vs.                   | : |                      |
|                       | : |                      |
| STEVEN MERLAK,        | : |                      |
|                       | : |                      |
| Respondent.           | : |                      |
|                       | : |                      |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Denzil Moore files a 28 U.S.C. § 2241 habeas petition.[1] He claims that his prior convictions no longer qualify as career-offender predicate offenses and that, because he is no longer a career offender under U.S. Sentencing Guideline § 4B1.1, he should be resentenced.

Magistrate Judge Jonathan D. Greenberg recommends that the Court dismiss Moore's petition.[2] He finds that the petition does not qualify as one of the "narrow subset" of sentence-enhancement challenges that may proceed under § 2241. Moore objects.[3]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation ("R&R"), and **DISMISSES** Moore's petition.

---

[1] Doc. 1. Respondent Merlak returns the writ. Doc. 8. Petitioner Moore files a traverse to the return of writ, Doc. 9, and files a notice of recent legal authority, Doc. 10. Per Magistrate Judge Greenberg's May 21, 2018 order, Merlak responded to Moore's arguments that, in light of two recent cases, § 2241 is the appropriate procedural vehicle for the habeas challenge. Doc. 14. Replying, Moore filed a traverse. Doc. 15.
[2] Doc. 18.
[3] Doc. 19. Respondent Merlak opposes. Doc. 20. Petitioner Moore replies. Doc. 21.

Case No. 1:17-cv-170
Gwin, J.

## I. Discussion

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a R&R to which the parties have objected.[4]

In 2002, a federal district court sentenced Moore for a drug felony conviction. In doing so, it applied the § 4B1.1 career-offender sentence enhancement because of Moore's prior state cocaine trafficking and federal bank robbery convictions.[5] The career-offender enhancement applies to defendants sentenced for a "violent" or "controlled substance offense" felony who have at least two prior convictions in one of these felony categories.[6]

Moore files a § 2241 petition to challenge his career-offender sentence enhancement. Federal prisoners typically bring sentencing challenges under 28 U.S.C. § 2255. However, when a prisoner cannot meet the requirements for a § 2255(h) successive petition and § 2255 remedies are "inadequate or ineffective to test the legality of his detention," the § 2255(e) savings clause allows the sentencing challenge to proceed under § 2241.[7]

The Sixth Circuit in *Hill v. Masters* recognized that a "narrow subset" of sentence-enhancement challenges satisfy the § 2255(e) savings clause requirements and are properly brought under § 2241.[8] The court limited its decision to § 2241 petitions meeting three criteria:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed

---

[4] 28 U.S.C. § 636(b)(1).
[5] *United States v. Moore*, No. 1:01-cr-474 (N.D. Ohio), Docs. 24 at 4–5, 29, 30 at 5–7, 46. Moore was convicted for possession with intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1), (b)(1)(A).
[6] U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2018)
[7] 28 U.S.C. § 2255(e); *Hill v. Masters*, 836 F.3d 591, 594–95 (6th Cir. 2016) (citation omitted).
[8] *Hill*, 836 F.3d at 599–600.

Case No. 1:17-cv-170
Gwin, J.

> from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.[9]

Moore has argued that *Hill* entitles him to bring this § 2241 habeas petition. Most pertinent, he says that two Supreme Court rulings have since revealed that his state cocaine trafficking and federal bank robbery convictions no longer qualify as predicate offenses.

In the R&R, Magistrate Judge Greenberg found that Moore's petition did not satisfy the third *Hill* criterion because his prior convictions still constitute predicate offenses. As a result, he concluded that Moore's petition did not meet the § 2255(e) savings clause requirements and could not proceed under § 2241.

Moore subsequently objected on various grounds to Magistrate Judge Greenberg's finding that his state cocaine trafficking conviction remains a predicate offense, but did not object to that same finding for the bank robbery conviction.[10]

For the following reasons, the Court agrees with Magistrate Judge Greenberg's R&R. Although Moore satisfies the first two *Hill* requirements,[11] he fails the third. Moore does not show that a retroactive Supreme Court statutory interpretation ruling has since disqualified either of his prior convictions as career-offender predicate offenses.

In Moore's objections, he argues that the Supreme Court's *Descamp v. United States* and *United States v. Mathis* decisions[12] reveal that his state cocaine trafficking conviction is

---

[9] *Id.*

[10] The Court adopts the R&R's bank robbery conviction analysis without review. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985) (explaining that district courts may adopt without review parts of the R&R to which no party has objected).

[11] Moore was sentenced in 2002 under the then-mandatory sentencing guidelines. *Moore*, No. 1:01-cr-474 (N.D. Ohio), Docs. 29, 30. Additionally, § 2255(h) precludes Moore from bringing another § 2255 petition. Doc. 1.

[12] *Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016).

-3-

no longer a career-offender predicate offense.[13]

*Descamps* directed courts to use the "categorical approach" for assessing whether a defendant's prior state conviction is a predicate offense. A defendant's prior conviction qualifies only if the conviction statute's elements are the same as, or narrower than, the career-offender offense's elements.

For "divisible statutes" that define multiple offenses by listing multiple, alternative elements, with some alternatives not qualifying as a predicate offense, *Descamps* created the "modified categorical approach." This approach allows courts to first consult limited documents (e.g., indictments, sentencing entries) to identify which statutory alternative was the basis of the defendant's prior conviction before doing the element-comparison analysis.

In *Mathis*, the Supreme Court simply reiterated that courts must not consider the particular way the defendant committed the prior offense when applying these approaches.

Moore's state cocaine trafficking conviction statute, Ohio Revised Code § 2925.03 (1995), contained multiple offenses, only some of which qualify as a predicate "controlled substance offense."[14] This calls for the modified categorical approach to identify which version of the offense formed the basis of Moore's conviction.

Here is where Moore's objections come into play. Moore correctly asserts that no court records appear to specify which § 2925.03 subsection was the basis of his conviction. However, Moore attaches a sentencing entry that says he was convicted for

---

[13] Although these cases involved Armed Career Criminal Act sentence enhancements, their analysis "also applies to the determination of whether a prior conviction qualifies as a predicate offense for the purposes of the career-offender enhancement under USSG § 4B1.2(a)(2)." *United States v. Smith*, 681 F. App'x 483, 488 (6th Cir.), *cert. denied*, 137 S. Ct. 2144 (2017).

[14] *United States v. Robinson*, 333 F. App'x 33, 35 (6th Cir. 2009) ("[A]t least 2 of the 10 subsections of Ohio Rev. Code § 2925.03(A) do not qualify as 'controlled substance offenses' within the meaning of U.S.S.G. § 4B1.2(b)."); *United States v. Wright*, 43 F. App'x 848, 852 (6th Cir. 2002).

Case No. 1:17-cv-170
Gwin, J.

count one of the indictment. Because count one of Moore's trafficking indictment essentially tracks the language from § 2925.03(A)(2),[15] this provision formed the basis of Moore's state conviction.[16]

As Magistrate Judge Greenberg correctly stated, the Sixth Circuit has concluded that § 2925.03(A)(2) is a career-offender predicate offense.[17] The statutory provision constitutes a § 4B1.2(b) "controlled substance offense" because it criminalizes the possession of a controlled substance with intent to distribute it.[18]

Moore objects to this conclusion. He asserts that Magistrate Judge Greenberg considered *the way* that Moore committed the offense. Courts, however, may consult the indictment for divisible statutes.[19] And the fact that the indictment, in a minor departure from the § 2925.03(A)(2) language, specifically referenced "[c]ocaine, a Schedule II drug" does not mean that Magistrate Judge Greenberg considered the specific drug when comparing the conviction statute and "controlled substance offense" elements.

Moore also claims that § 2925.03(A)(2)'s elements are broader than the "controlled substance offense" elements because the statutory provision criminalizes offers to sell a controlled substance. Section 2925.03(A)(2), however, does not criminalize offers to sell—

---

[15] *Compare* Doc. 17 (state cocaine trafficking indictment), *with* Ohio Rev. Code § 2925.03(A)(2) (1995).

[16] *Robinson*, 333 F. App'x at 36 ("Where the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged.").

[17] *Id.* ("Because § 2925.03(A)(2) includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."). *See also United States v. Karam*, 496 F.3d 1157, 1167–68 (10th Cir. 2007) (holding that "[t]here can be no dispute that" an Ohio Rev. Code § 2925.03(A)(2) conviction is a controlled substance offense); *Bullard v. United States*, No. 1:14-CR-411, 2017 WL 2291419, at *5 (N.D. Ohio May 25, 2017); *United States v. Nesbitt*, No. 4:15-cr-18 (N.D. Ohio Oct. 5, 2017), Doc. 38 at 2–3.

[18] *Robinson*, 333 F. App'x at 36 (citing *United States v. Wright*, 43 F. App'x 848, 852–53 (6th Cir. 2002)).

[19] *E.g., Mathis*, 136 S. Ct. at 2249 ("Under [the modified categorical approach], a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.").

Case No. 1:17-cv-170
Gwin, J.

§ 2925.03(A)(1) does.[20] This objection is overruled as well.

The Court also overrules Moore's objection that the government violated "Rules 32.1 and 28(g)" by not providing him copies of (unidentified) unpublished opinions cited in their briefs. These rules are from the Federal Rules of Appellate Procedure, which do not apply to district court proceedings.[21]

Lastly, the Court does not address Moore's *Johnson v. United States*[22]–related objection because it is unintelligible and, in any event, would not apply.

Because Moore's petition does not satisfy all three *Hill* requirements for a § 2241 sentence-enhancement challenge, the Court lacks jurisdiction over his petition.

## Conclusion

For the reasons stated, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Greenberg's R&R, incorporating it fully herein, and **DISMISSES** the petition. Furthermore, the Court certifies that no basis exists upon which to issue a certificate of appealability.[23]

IT IS SO ORDERED.

Dated: January 31, 2019   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[20] *E.g., United States v. Rushin*, No. CR 3:16-00140-01, 2017 WL 3401296, at *2 (S.D.W. Va. Aug. 8, 2017). Section 2925.03(A)(2) has only a *mens rea* element involving knowing/believing the substance is intended for sale.
[21] *See* Fed. R. App. P. 1(a)(1).
[22] *Johnson v. United States*, 135 S. Ct. 2551 (2015).
[23] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).